## STATE ex SKILKEN v KLOOS

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1529. `Decided April 30, 1940.

Ralph A. Skilken, Dayton, Calvin Crawford, Dayton, for appellant.

Wasserman & Talbot, Dayton, William P. Patterson, Dayton, for appellee.

## OPINION

BY THE COURT:

This is an appeal on questions of law from an order of the Common Pleas Court refusing and denying a writ of habeas corpus to be issued to the sheriff of Montgomery County, Ohio, ordering the release of Julius Ellman from his constructive custody.

Julius Ellman instituted an action on a note in the sum of $4700.00 against the administrator of Abe Ellman, deceased. The executrix gave notice of the taking of the deposition of Julius Ellman. The notice was duces tecum all books and records Ellman had in support of his claim. At the hearing it developed that the administrator desired to have the note, in the sum of $4700.00, produced upon which Julius Ellman's action was predicated.

It appears that Ellman did not produce the note and asserted that he could not do so because his counsel, who was present with him at the hearing, would not turn it over to him. Much time was taken in an attempt to have the note brought in and for that purpose at least one continuance of five days was granted. At the end of this time Ellman, through his counsel, elected to stand upon statements made to the notary whereupon the notary cited Ellman for contempt and ordered him to be imprisoned in the county jail of Montgomery County until he

produce and exhibit the original note upon which his actions are based.

From this action of the notary public the habeas corpus suit arose. The Common Pleas judge refused to order Ellman released.

There are six errors assigned, but they may be included under two headings,

(1) That the judgment is against the manifest weight of the evidence, and

(2) That the court excluded competent evidence in behalf of the petitioner.

The claim of the petitioner seems to be twofold, first, that the notary was without power to compel him to produce the note in question inasmuch as it appeared that it was not in his possession, but in the possession of his attorney, second, that although petitioner's attorney had made thorough search for the note, it could not be found.

The second claim was not brought to the attention of the notary at the time of the hearing when petitioner was committed and counsel relied entirely upon the first proposition. Upon the hearing before the common pleas judge in the habeas corpus proceeding, counsel for petitioner stated that he had made a thorough search for the note but could not find it. However, this was but a professional statement of counsel. He did not offer to be sworn and his statement was not tendered in any proper form as evidence.

Early in the hearing in the habeas corpus proceeding, counsel for the petitioner agreed with opposing counsel that the cause would be submitted on the record before the notary public, but later it was attempted to introduce other and further testimony on behalf of the petitioner. The court at that time did not admit it, but being thoroughly conversant with the claim of the petitioner that the note could not be found, took cognizance of this situation.

At the hearing in Common Pleas Court, the notary was present, as was the petitioner and his counsel. The court stated that if the note could not be found or produced it would be improper to commit the petitioner to jail and that he would not support such procedure. In the presence of all it was agreed that the notary would continue the taking of the deposition and that if it appeared that the note could not be found, the petitioner would not be committed. To this proposal counsel for petitioner objected and thereupon again appeared to rely upon his first proposition, namely, that inasmuch as it appeared that the note was not in the possession of the petitioner and if it was to be had it was in the possession of his attorney and that an order on the petitioner would not be sufficient to require the attorney to produce the note. To this proposition the trial court did not accede, nor do we.

Upon a fair consideration of all this record, we are satisfied that no prejudicial error resulted to the petitioner by the refusal of the trial judge to grant the writ of habeas corpus. The judge very carefully protected petitioner's rights and assured him that if it be made to appear at an adjourned hearing before the notary that his attorney could not find the note that he would not support the notary in the commitment. To this the notary acceded. So that, ultimately it appeared that petitioner, through his counsel, was not willing to go definitely upon record before the notary in proper form to the effect that the note was lost.

In the situation thus presented, we can not say that the trial judge erred in refusing to grant the writ.

The judgment will be affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.